IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

DONALD WILSON,

    Plaintiff,

v.                                         Case No. 4:23-cv-00020

PAMELA MICHELLE O'DELL, PA-C,

and

UNITED STATES,

    Defendants.

## DEFENDANT PAMELA MICHELLE O'DELL, PA-C'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A RESPONSE IN OPPOSITION TO O'DELL'S AMENDED RULE 12(b)(6) MOTION TO DISMISS

COMES NOW the Defendant Michelle O'Dell, PA-C ("O'Dell"), by counsel, and for her Brief in Opposition to Wilson's Motion for Leave to File a Response to her Amended Rule 12(b)(6) Motion to Dismiss hereby states as follows:

### BACKGROUND

On February 28, 2023, Donald Wilson ("Wilson") filed this action in the Circuit Court for the City of Danville against O'Dell and her employer, Piedmont Access to Health Services ("PATHS"), stemming from the care and treatment rendered to him during a telehealth counseling session on July 10, 2020. Compl. ¶¶ 2, 4.

O'Dell filed a Demurrer and a Motion to Dismiss in the Circuit Court. On September 1, 2023, the United States filed a Notice of Removal to this Court pursuant to 42 U.S.C. § 233(c). (Doc. 1). Thereafter, the United States filed a Motion to Substitute it for Co-Defendant PATHS, which was granted on September 7, 2023. (Doc. 5). The United States also filed a Motion to

Dismiss due to Wilson's failure to exhaust his administrative remedies before filing the Complaint. (Doc. 9).

Since February 22, 2024, approximately one year after the Complaint was filed, the Court's Clerk ("Ms. Cole") has regularly corresponded with all parties regarding the status of the Motions to Dismiss that were filed with the Court. A copy of that correspondence is attached hereto as Exhibit A. As a result of one of those communications, Wilson filed a response in which he agreed to dismiss the United States (Doc. 10), which is the only pleading that he has filed in this Court prior to his current motion requesting an extension of time.

On April 5, 2024, Ms. Cole notified the parties that the Court had pulled O'Dell's previously filed Motion to Dismiss (on the employment issue) and docketed it so that it would not get lost as it remained outstanding. A copy of that correspondence is attached hereto as Exhibit B Ms. Cole also inquired about an amended motion to dismiss on behalf of O'Dell only since the United States had been substituted for PATHS as a party, and she advised that the Court wanted to hear from Wilson as to whether the case was moving forward. Ex. B. Wilson did not respond to this inquiry.

On April 11, 2024, O'Dell refiled her state court Demurrer as a Rule 12(b)(6) Motion to Dismiss (Doc. 13) and filed her Brief in Support (Doc. 14) to reflect the United States' substitution for PATHS and to correct the caption now that the case was in Federal court. That same day, O'Dell filed an Amended 12(b)(6) Motion to Dismiss (Doc. 15), which simply removed a document reference to her Petition to Certify Employment (Doc. 11). (*Compare* Doc. 13 *with* Doc. 15). Document 15 replaced Document 13, and the Court created a "docket text" which stated: "Motion to Dismiss Rule 12(b)(6) Motion to Dismiss by Pamela Michelle O'Dell, PAC (Warden, Michelle) **Modified** on 4/11/2024. Terminated motion pursuant to counsel's request; **Amended**

**Motion filed at Document [15]** *(ham)."* (emphasis added). A copy of the "docket text" is attached hereto as Exhibit C.

At no time did O'Dell withdraw her Amended Rule 12(b)(6) Motion or Brief in Support. However, to resolve any confusion due to the wording of the "docket text," O'Dell's counsel corresponded via electronic mail with Ms. Cole **and Wilson's counsel** on April 16, 2024. A copy of that correspondence is attached hereto as Exhibit D. In doing so, O'Dell's counsel attached the Amended Rule 12(b)(6) Motion (Doc. 15) and the Brief in Support (Doc. 14), and advised Ms. Cole and Wilson's counsel that these Motions remained pending before the Court.[1] Ex. D. Specifically, counsel for O'Dell clearly stated, in pertinent part, as follows:

> **We filed our briefs last week. For clarification purposes, the following Motions remain to be heard by the Court on behalf of Defendant O'Dell . . . (2) Amended Rule 12(b)(6) Motion to Dismiss (Doc. 15), Brief in Support of Rule 12(b)(6) Motion to Dismiss (Doc. 14), and the corresponding Demurrer (initially filed in State Court). Please let us know if you have any questions.**

*Id.* (emphasis added). Ms. Cole responded, which confirmed that O'Dell's Amended Rule 12(b)(6) Motion (Doc. 15) remained pending before the Court.[2] A copy of that correspondence is attached as Exhibit E. *Id.* Although his counsel was copied on this message, Wilson did not respond.

In fact, Wilson did not respond to any of Ms. Cole's emails with counsel until May 2, 2024, at which time his counsel represented that she had missed the communications with Ms. Cole. A copy of that correspondence is attached hereto as Exhibit F. Notably absent from this correspondence was any inquiry from Wilson regarding the status of O'Dell's Amended Rule 12(b)(6) Motion. Assuming Wilson's counsel did not read the multiple emails between Ms. Cole

---

[1] The email also identified and attached O'Dell's Petition to Certify Employment (Doc. 16), Brief in Support (Doc. 17), and Motion to Dismiss regarding the employment issue (Doc. 11).

[2] Ms. Cole also confirmed that O'Dell's Petition to Certify Employment (Doc. 16) remained pending before the Court.

and all of the parties until May 2, Wilson was aware on that date that O'Dell's Amended Rule 12(b)(6) Motion to Dismiss was not terminated. Wilson did not file a motion requesting leave to file an opposition brief at that time.

The next day, Ms. Cole responded to Wilson's email and stated, in pertinent part: "Once the current motion [Petition to Certify] is finished being briefed, I would suggest that we schedule a Rule 16 conference call and/or hearing on the pending **motions.** I will be back in touch (or feel free to reach back out) once everything is filed." Ex. F. (emphasis added). Once again, Wilson did not respond despite Ms. Cole's reference to motions (plural), and he did not file a motion requesting leave to file an opposition brief at that time.

Another 14 days passed without Wilson seeking leave to file a brief in opposition to O'Dell's Amended Rule 12(b)(6) Motion to Dismiss. Wilson likewise never contacted O'Dell's counsel to discuss his failure to respond.

In light of Wilson's silence, his failure to prosecute this action pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure*,[3] and the lack of any brief in opposition, O'Dell's counsel contacted Ms. Cole on May 16 asking the Court to rule on her Motion, and she deferred to the Court as to whether a hearing was necessary. A copy of that correspondence is attached hereto as Exhibit G. Ms. Cole responded shortly thereafter that "[n]o hearing will be needed at this time." Ex. G. Only then did Wilson file his motion seeking an extension of time.

Pursuant to Local Rule 11(c), Wilson's brief in opposition was due on or before April 25, 2024. Wilson should not be rewarded for his failure to prosecute this action and timely file his brief in opposition.

---

[3] Plaintiff has failed to prosecute this action for 15 months.

## ARGUMENT

Local Rule 11(c)(1) requires that an opposing party file any responsive brief and supporting documents within 14 days after service of a moving party's brief. W.D. Va. Civ. R. 11(c)(1). When a party requests leave for an extension of time to respond, the motion "must state good cause justifying the relief requested." W.D. Va. Civ. R. 11(c)(2); *see e.g., Al-Habashy v. Va. Dept. of Juvenile Justice*, 2012 U.S. Dist. LEXIS 24869, at *8-9 (W.D. Va. 2012). "Significant periods of inactivity and a failure to seek extension of time before the deadline has lapsed tend to undercut any claim of good cause." *Reid v. Corizon Health Servs.*, 2024 U.S. Dist. LEXIS 38333, *9 (2024). Further, when the motion comes after the deadline, the party filing late must also show "excusable neglect for the untimely filing." *McLean v. Broadfoot*, 2011 U.S. Dist. LEXIS 51458, *23-24 (2011) (citation omitted). "Excusable neglect is not easily demonstrated, nor was it intended to be." *Id.* (citations omitted).

In *Al-Habashy*, the plaintiff filed (among other motions) a motion to extend discovery and for an extension of time to respond to the defendant's motion for summary judgment. 2012 U.S. Dist. LEXIS 24869 at *8. The defendant argued that the Court should deny the plaintiff's motion because she "failed to fulfill even her most basic obligations as a litigant." *Id.* at *9. "Despite that fact, she seeks more time to prosecute her case because she has been 'unable to discover relevant and material evidence' that would allow her to fully respond" to the defendant's motions. *Id.* The Court denied the plaintiff's motions and held as follows:

> Al-Habashy has been given *ample* opportunity to discover relevant and material evidence. Instead she has chosen to disregard [the defendant's] communications, ignore court orders, overlook the court's solicitous handling of her various motions regarding discovery and amendment, and otherwise screen her case from adversarial testing. Moreover, Al-Habashy's counsel, given a meaningful opportunity in open court, could forecast no evidence suggesting that granting additional time would lead to a different result in this case.

*Id.*

Similar to the Court's holding in *Al-Habashy*, Wilson cannot ignore all of the aforementioned activity that has occurred in this action and reasonably argue that O'Dell's Amended Rule 12(b)(6) Motion was terminated. He was given "ample opportunity" to file a brief in opposition or contact the Court and the parties to seek clarification of the Court's "docket text." Instead, Wilson waited to request an extension until after O'Dell's Amended Rule 12(b)(6) Motion was submitted to the Court for decision. Under the circumstances, Wilson has not established, nor could he establish, the requisite "good cause" or "excusable neglect" for this Court to grant the relief requested.

Further, Wilson's motion inaccurately asserts that O'Dell would not be prejudiced if the Court granted his request for an extension. Granting the motion would cause O'Dell to incur unnecessary expenses in defending this action including the filing of additional briefs and appearing at a hearing that would otherwise be unnecessary. O'Dell also had a reasonable expectation that the procedural rules of this Court mean what they say, and that Wilson's failure to oppose her Motion to Dismiss in a timely manner represented a tacit acknowledgement of the merits of her position. The frustration of that expectation if Wilson's motion were to be granted would represent additional prejudice to O'Dell. This Court should therefore deny Wilson's motion.

WHEREFORE, for the foregoing reasons, any and to be stated upon oral argument should it be permitted, O'Dell respectfully requests that this Court deny Wilson's motion, grant her Motion to Dismiss, and dismiss this action against her with prejudice.

PAMELA MICHELLE O'DELL, PA-C

By Counsel

/s/Michelle L. Warden
Carlyle R. Wimbish, III, Esq. (VSB #31372)
Michelle L. Warden, Esq. (VSB #77266)
WIMBISH GENTILE McCRAY & ROEBER PLLC
8730 Stony Point Parkway, Suite 201
Richmond, VA 23235
Phone: (804) 655-4830
Fax: (804) 655-7819
rwimbish@wgmrlaw.com
mwarden@wgmrlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2024, a true copy of the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notice to all counsel of record including:

Bettina C. Altizer, Esq.
ALTIZER LAW, P.C.
324 Washington Ave., SW
Roanoke, Virginia 24016
baltizer@altizerlaw.com
*Counsel for Wilson*

G. Riley Worrell, Esq.
Assistant United States Attorney
P.O. Box 1709
Roanoke, VA 24008-1709
Telephone: (540) 857-2250
Riley.worrell@usdoj.gov
*Counsel for Defendant United States*

/s/Michelle L. Warden
Carlyle R. Wimbish, III, Esq. (VSB #31372)
Michelle L. Warden, Esq. (VSB #77266)
WIMBISH GENTILE McCRAY & ROEBER PLLC
8730 Stony Point Parkway, Suite 201
Richmond, VA 23235
Phone: (804) 655-4830
Fax: (804) 655-7819
rwimbish@wgmrlaw.com
mwarden@wgmrlaw.com