**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**DANVILLE DIVISION**

CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

August 26, 2025
LAURA A. AUSTIN, CLERK
BY:
      s/B. McAbee
DEPUTY CLERK

| | | |
|---|---|---|
| **DONALD WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 4:23-cv-00020** |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **PAMELA MICHELLE O'DELL, PA-C,** | ) | **By: Hon. C. Kailani Memmer** |
| | ) | **United States Magistrate Judge** |
| **Defendant.** | ) | |

Plaintiff Donald Wilson initially filed suit against defendants Pamela Michelle O'Dell, PA-C, and Piedmont Access to Health Services, Inc. ("PATHS") on July 5, 2022, in the Circuit Court for the City of Danville (hereinafter, "state court"). (ECF No. 1-1, 2–18.) On February 17, 2023, O'Dell was personally served with the initial Complaint and Wilson's first set of discovery requests. (ECF No. 58-1.)

Currently before the court are Wilson's motions to deem the requests for admissions ("RFAs") admitted as he claims O'Dell failed to respond within the 28-day period provided under Rule 4:11 of the Rules of the Supreme Court of Virginia and to strike O'Dell's responses to the RFAs provided to Wilson on February 24, 2025. (ECF No. 58.) O'Dell claims she was not served with RFAs when she was served with the initial Complaint and, thus, she could not respond until her counsel received them via email in February 2025. (ECF No. 60.) Based upon the below reasons, Wilson's motions are denied.

### I.    Background

Wilson moves the court for entry of an order deeming Wilson's RFAs to O'Dell admitted and an order striking O'Dell's "untimely" responses to them. (ECF No. 58.) In support of his motions, Wilson claims the RFAs were automatically admitted 28 days after

service as O'Dell failed to timely respond pursuant to Va. Sup. Ct. R. 4:11. Wilson also claims O'Dell's responses to the RFAs, which were provided on February 24, 2025, were untimely and O'Dell failed to seek relief for such untimely responses pursuant to Fed. R. Civ. P. 36(b). Lastly, Wilson summarily claims he would be prejudiced if the court were to permit O'Dell to rely upon her untimely responses to Wilson's RFAs.

In response to Wilson's motions, O'Dell claims she was never served with Wilson's RFAs and, thus, could not have responded until her counsel received the RFAs in February 2025. O'Dell also asserts that Wilson provided an extension of time to respond to discovery that was never withdrawn. O'Dell further claims that the Federal Rules of Civil Procedure govern discovery in this case and, thus, Va. Sup. Ct. R. 4:11 is inapplicable. O'Dell asserts that the granting of Wilson's motions would be unfairly prejudicial.

The initial inquiry for both motions relates to whether O'Dell was served with Wilson's RFAs along with the initial Complaint and what transpired between the parties and their counsel thereafter. As such, a summary of the relevant procedural history in this case and communications between counsel is warranted.

The initial complaint in this matter was filed in state court on July 5, 2022. (ECF No. 1.) Wilson filed suit against O'Dell and O'Dell's former employer, PATHS. (*Id.*) On February 17, 2023, O'Dell was served with the initial Complaint along with discovery requests. (ECF No. 58-1.) The parties dispute whether O'Dell was served with RFAs. Specifically, the Affidavit of Service provides that the process server "served the SUMMONS – COMPLAINT AND PLAINTIFF'S FIRST SET OF INTERROGATORIES [A]ND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, PAMELA MICHELLE O'DELL, PA-C AND EXHIBIT A, AND B on MICHELLE PAMELA O'DELL." (*Id.*) On March 8, 2023, counsel for O'Dell emailed Wilson's counsel requesting a 60-day

extension to file responsive pleadings. (ECF No. 60-3.) The basis for her extension request

was that the United States was conducting a review to determine whether it should be

substituted as the proper party defendant under 42 U.S.C. § 233. (ECF No. 60-3.) Having

received no response from Wilson's counsel, O'Dell and PATHS filed a motion to dismiss

and demurrer. (ECF No. 60-4.) On March 17, 2023, the United States filed a limited

appearance to advise that a determination regarding coverage under 42 U.S.C. § 233 had

not yet been made. (ECF No. 60-5.)

On March 23, 2023, counsel for O'Dell sent an email to Wilson's counsel to advise

of her intent to file a motion to stay the proceedings and motion for protective order to

limit or suspend discovery while the United States determined whether it should be

substituted as the proper party defendant. (ECF No. 60-6.) In the same email, counsel for

O'Dell asked counsel for Wilson whether she intended to contest either motion. (*Id.*)

Counsel for Wilson responded as follows:

> I just received the Notice of the US entering this matter to make that
> determination. I do not intend to proceed with further discovery on this case
> until this particular issue is resolved. **You may have an extension to**
> **answer pending discovery until it is resolved with the exception**
> **of providing me with documents that support your claim that**
> **PATHS and O'Dell are employees of Public Health Service** as well
> as information as to where in the public domain that this information is
> available.

(*Id.*) (emphasis added). Later that day, O'Dell and PATHS filed a motion to stay the case

based upon the lack of subject matter jurisdiction in state court stating the claims were

subject to the Federal Tort Claims Act, 28 U.S.C. § 2674 ("FTCA"). (*See* ECF No. 58-2.) In

the motion to stay, O'Dell and PATHS claimed they were served with the initial

Complaint, along with "Interrogatories and Requests for Production of Documents." (*Id.*

at 1.) The motion does not mention that O'Dell was served with RFAs.

3

That same day, O'Dell and PATHS also filed a motion for protective order to relieve defendants from having to respond to written discovery served with the initial Complaint. (*See* ECF No. 58-2, 7–8.) In the motion for protective order, defendants stated they were served with the Complaint, along with "Interrogatories and Requests for Production of Documents." (*Id.* at 7.) Again, there is no mention that O'Dell was served with RFAs.

On September 1, 2023, the United States removed the case to this court pursuant to 42 U.S.C. § 233(c), based upon the certification that PATHS was a deemed employee of the United States Public Health Service acting within the scope of its employment at the time of the alleged incident. (ECF No. 1-2.) On September 5, 2023, the United States moved to substitute itself as a defendant in place of PATHS but specifically noted it was not seeking substitution for O'Dell. (ECF No. 3, 1 n.1.) On September 7, 2023, the court granted the motion and entered an order substituting the United States for PATHS. (ECF No. 5.)

On April 11, 2024, O'Dell filed a petition to certify employment to deem her an employee of the Public Health Service. (ECF No. 16.) From April 2024 through December 2024, the parties were seemingly focused on briefing O'Dell's motion to dismiss Wilson's Complaint and, subsequently, briefing O'Dell's motion to dismiss Wilson's Amended Complaint. (*See generally* ECF Nos. 11–54.) On December 3, 2024, the court issued an opinion and order denying O'Dell's motion to dismiss Wilson's Amended Complaint. (ECF No. 56.)

Soon thereafter, O'Dell's counsel served discovery requests on Wilson. (*See* ECF No. 60-7.) On January 22, 2025, Wilson's counsel emailed O'Dell's counsel noting she would provide responses to O'Dell's discovery requests by the end of the week. (*Id.*) Wilson's counsel also requested an update on when she would receive responses to the

discovery (specifically identifying interrogatories, requests for production of documents and RFAs) served on O'Dell when she was served with the initial Complaint on February 17, 2023. (*Id.*) O'Dell's counsel responded stating counsel needed to meet and confer pursuant to Fed. R. Civ. P. 26(f) to develop a discovery plan. (ECF No. 58-3, 5.) Wilson's counsel then asked if O'Dell's counsel had a copy of the discovery served on O'Dell. O'Dell's counsel responded they did not have the discovery requests, and if Wilson's counsel would provide them with a copy of the discovery requests, they would provide responses to them. (*Id.* at 3-4.) O'Dell's counsel admitted on January 25, 2025, and then clarified on January 29, 2025, that they did not have a copy of any discovery requests that were served on O'Dell and had only copies of discovery requests served on PATHS (which did not include RFAs). (*Id.* at 2–3.) O'Dell's counsel indicated that O'Dell could have misplaced such discovery requests during a move, but O'Dell was not aware of any other legal papers being served along with the initial Complaint. (*Id.* at 2.)

On February 4, 2025, Wilson's counsel provided a copy of the interrogatories, requests for production of documents and RFAs to O'Dell's counsel but asserted the position that the RFAs were deemed admitted pursuant to Va. Sup. Ct. R. 4:11. (*Id.*) Although the parties had yet to meet and confer pursuant to Fed. R. Civ. P. 26(f), out of an abundance of caution O'Dell provided responses to the RFAs on February 24, 2025. (*See* ECF No. 60-8.)[1]

On March 20, 2025, Wilson filed the instant motions. (ECF No. 58.) On March 26, 2025, O'Dell's counsel emailed Wilson's counsel requesting Wilson withdraw the instant motions citing the March 23, 2023, email where Wilson's counsel agreed to extend the

---

[1] O'Dell admitted 17 of the 23 RFAs, partially denied 3, and fully denied 3. (ECF No. 58-4.)

deadline to respond to pending discovery until the certification of employment issue was resolved. (ECF No. 61-2, 3.) O'Dell claims the certification of employment issue remained pending until the court addressed O'Dell's petition to certify employment, ECF No. 16.[2] (ECF No. 60, 6.) Wilson claims the certification of employment issue regarding O'Dell was resolved on September 5, 2023, when the United States notified O'Dell that she was not acting within the scope of her employment and was therefore not deemed to be a Public Health Service employee. (ECF No. 61-2.) Following Wilson's refusal to withdraw the instant motions, O'Dell filed an opposition brief, ECF No. 60, and Wilson filed a reply, ECF No. 61. A hearing was held on the instant motions on August 13, 2025.

## II.    Analysis

Based upon the briefing of the parties and counsel's arguments during the hearing, there is not sufficient information before the court to find with certainty that O'Dell was served with RFAs when she was served with the initial Complaint on February 17, 2023. The procedural history, along with the communications between counsel, creates further ambiguity. Such muddy waters cannot lead to the harsh penalty of having facts admitted for which O'Dell disputes, nor depriving her of defending the case against her on the merits.

For example, the Affidavit of Service dated February 17, 2023, mentions personal service on O'Dell of only the initial Complaint, interrogatories, and requests for production of documents. (*See* ECF No. 58-1.) Notably, there is no mention of RFAs.[3]

---

[2] The court denied O'Dell's petition to certify employment on August 11, 2025. (ECF No. 68.)

[3] During the hearing on the instant motions the court questioned Wilson's counsel regarding the information provided to the process server who served O'Dell with the initial Complaint and discovery requests. Counsel neither confirmed nor denied whether any communication to the process server specifically referenced RFAs.

In response to this fact, Wilson claims the RFAs were part of the same document that included the interrogatories and requests for production of documents and, thus, there is no way O'Dell was not served with the RFAs. However, the only document provided by Wilson to support his claim is an undated copy of the discovery requests Wilson claims were served on O'Dell. (*See* ECF No. 61-1.) Such document does not resolve the issue. Rather, creating further confusion, the document is titled, "Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant, Pamela Michelle O'Dell, PA-C". (*Id.*) Again, no mention of RFAs in its title. Additionally, there is no mention of RFAs in the opening paragraph:

> COMES NOW Plaintiff, Donald Wilson, by counsel, and hereby requests that Defendant, Pamela Michelle O'Dell, PA-C, within twenty-eight (28) days, answer under oath and in accordance with Rule 4:8 of the Rules of Supreme Court of Virginia, the following interrogatories and request for production of documents:

(*Id.*) The court is perplexed by the apparent inattention to detail which resulted in the failure to include the RFAs in the title or opening paragraph of Wilson's discovery requests. Or perhaps the justification is worse—an intentional effort to mislead or "hide the ball" on the inclusion of RFAs hoping to secure the result for which Wilson seeks here—admissions of fact that are in dispute based upon a missed deadline to respond. If it is the latter, such intentional gamesmanship is not tolerated in this court. In either case, such behavior cannot result in the unjust result Wilson seeks.

Even if the court could reach the conclusion that O'Dell was served with the RFAs on February 17, 2023, the court finds that Wilson's counsel provided an extension of time for O'Dell to respond to all "pending discovery" as shown in the March 23, 2023, email. (*See* ECF No. 60-6, 1.) Such extension did not provide a date certain to respond to discovery and, from the court's perspective could lead one to believe that such extension

7

continued until this court addressed O'Dell's petition to certify employment on August 11, 2025. Indeed, it was the presiding district judge who determined the certification of employment for FTCA purposes. Wilson's counsel's lack of communication on the issue of "pending discovery" to O'Dell for a period of almost two years, until January 22, 2025, further confirms that such extension appeared to be ongoing. (*See* ECF No. 60-7.) ("Defendant O'Dell was served in person on February 17, 2023, with Wilson's First Set of Interrogatories, Request for Production of Documents, and Request for Admissions. When can we expect to receive Defendant O'Dell's responses?"). The record and arguments reflect that O'Dell's counsel was wholly unaware of the existence of RFAs allegedly served on O'Dell in February 2023 with the initial complaint and counsel Wilson took no action until January 2025 to clarify the issue.

Lastly, even if there was certainty that O'Dell was served with RFAs and there was no question that the discovery extension had expired, the court would be hard pressed to reach the conclusion Wilson seeks.[4] The timeline in this case, including O'Dell's efforts to respond to the RFAs almost immediately after her counsel received a copy of them from Wilson, would lead the court to reach a similar conclusion in *Mann v. Metropolitan Life Ins. Co.*, No. 99-cv-36, 1999 WL 33453411, at *3 (W.D. Va. July 9, 1999).

In *Mann*, there was no question that the defendant was served with requests for admissions before the case was removed to this court. *Mann*, 1999 WL 33453411, at *1. The 28-day deadline passed before the case was removed and defendant failed to respond to the requests. *Id.* The court found that the defendant's failure to respond amounted to a "technical violation" as the defendant's conduct did not amount to "'knowingly and

---

[4] The court will not address whether the Rules of the Supreme Court of Virginia or the Federal Rules of Civil Procedure should apply as this matter is resolved solely on the above analysis.

intentionally defeat[ing] the discovery process." *Id*. at *3. As the defendant responded to the requests soon after its deficiencies were brought to its attention, the court concluded that the plaintiff did not suffer prejudice because of the delay in receiving the responses. *Id*. Thus, the court denied the plaintiff's motion to have the requests for admissions deemed admitted. *Id*.

So too here. Once O'Dell's counsel was provided with a copy of the RFAs on February 4, 2025, O'Dell provided her responses almost immediately - only 20 days after receipt and before the parties engaged in a Rule 26(f) conference. Notably, of the 23 requests, O'Dell admitted 17, partially denied 3, and fully denied 3 more. (*See* ECF No. 58-4.) Such quick responses provided by O'Dell does not amount to a knowing and intentional defeat of the discovery process. *See Mann*, 1999 WL 33453411, at *3. Additionally, the delay in receiving O'Dell's responses to the RFAs results in no prejudice to Wilson as the parties have just begun the discovery phase in this case. In fact, the court finds the only prejudice would be to O'Dell if the court granted Wilson's motion and deemed the remaining 6 RFAs admitted as such result would largely interfere with the case proceeding on its merits.

### III.    Conclusion

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that Wilson's motions, ECF No. 58, are **DENIED**.

Entered: August 25, 2025

C. Kailani Memmer
United States Magistrate Judge

9